FILED
2011 Jul-22 PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WESLEY PHILLIPS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **SALLIE MAE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

# NOTICE OF REMOVAL

COMES NOW the Defendant Sallie Mae, Inc. (hereinafter "Sallie Mae") and files this its Notice of Removal of this case from the Circuit Court of Jefferson County, Alabama, Birmingham Division, wherein it is now pending, to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1332 and 1441(a), and in support of removal, Sallie Mae would show unto the Court the following:

1. The Defendant Sallie Mae is the sole defendant named in this action except for fictitious defendants whose citizenships shall be disregarded for purposes of this removal pursuant to 28 U.S.C. § 1441(a).

2. This action is one over which the United States District Court is given original jurisdiction pursuant to 28 U.S.C. § 1332, in that there exists complete diversity of citizenship between the Plaintiff and the Defendant in this action, and the amount in controversy exceeds $75,000.00.

3. As set forth in paragraph one (1) of Plaintiff's complaint, Plaintiff Wesley Phillips is a resident citizen of Jefferson County, Alabama.

4. The Defendant Sallie Mae is a corporation organized and existing under and by virtue of the laws of the State of Delaware. Sallie Mae is headquartered in Delaware and has offices in Delaware, Virginia, Pennsylvania and Indiana.

5. The amount in controversy, as defined by 28 U.S.C. § 1332, exceeds $75,000.00 exclusive of interest and costs. The allegations contained in Plaintiff's complaint show the following:

(a) As stated in paragraph eight (8) of Plaintiff's complaint, this action is brought against Sallie Mae for alleged violation of the Telephone Consumer Protection Act found in 48 U.S.C. § 227.

(b) In paragraph 10 of the complaint, Plaintiff alleges that "hundreds of calls to Plaintiff's cellular telephone" were made by Sallie Mae.

(c) In paragraph 37 of the complaint, the Plaintiff alleges that each telephone call "is a separate violation and entitles Plaintiff to statutory damages against Defendant, Sallie Mae, in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call, in accordance with 47 U.S.C. § 227(b)(3)".

(d) Since Plaintiff seeks to recover damages of $1,500.00 per call, it is clear Plaintiff seeks recovery of damages exceeding the jurisdictional minimum of $75,000.00. Even if there were only one hundred (100) such calls, the damages sought would be One hundred and Fifty thousand dollars ($150,000.00).

6. This Notice of Removal is timely filed as it was filed within thirty (30) days of service of the original complaint upon Sallie Mae.

7. Concurrent with the filing of this notice, written notice has been given to all adverse parties, and a copy of this Notice of Removal is being filed with Clerk of Court of the Circuit Court, Jefferson County, Birmingham, Division, Alabama.

8. A copy of all pleadings served upon the Defendant is attached to this original Notice of Removal.

8. By filing this Notice of Removal, Sallie Mae does not waive any defense or counterclaim that may be available to it.

WHEREFORE, PREMISES CONSIDERED, the Defendant Sallie Mae, Inc. files this Notice of Removal so as to effect the removal of this action from said Circuit Court of Jefferson County, Alabama, to this Court. This defendant prays this Honorable Court will make such other Order as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

This the 22nd day of July, 2011.

Respectfully submitted,

Paul J. Spina, III (SPI007)
Attorney for Sallie Mae, Inc.

YEAROUT, SPINA & LAVELLE P.C.
1500 Urban Center Drive, Suite 450
Birmingham, Alabama 35242
Telephone: (205) 298-1800
Facsimile: (205) 298-1802
pspina@ysllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following by placing same in the United States Mail, properly addressed and postage prepaid, and/or via ECF e-mail on this the 22 day of July, 2011.

Wesley Phillips, Esq.
Phillips Law Group, LLC
Post Office Box 130488
Birmingham, AL 35213
Telephone: (205) 383-3585

Matthew A. Dunaway, Esq.
Post Office Box 531168
Birmingham, AL 35253
Telephone: (205) 705-3590
Facsimile: (866) 596-2134
matt@matthewdunaway.com

Ann-Marie Adams
Circuit Clerk
Circuit Court of Jefferson County
400 Courthouse
716 N. Richard Arrington Jr. Blvd.
Birmingham, AL 35203
Telephone: (205) 325-5355

Of Counsel

CT Corporation

**Service of Process Transmittal**
06/23/2011
CT Log Number 518725509

**TO:** Eric Reicin
Sallie Mae, Inc.
2001 Edmund Halley Drive
Reston, VA 20190

**RE:** **Process Served in Alabama**

JUN 27 2011

**FOR:** Sallie Mae, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Wesley Phillips, Pltf. vs. Sallie Mae, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice, Summons(s), Cover Sheet, Complaint, Jury Demand, First Set of Interrogatories and Request(s) |
| **COURT/AGENCY:** | Jefferson County Circuit Court, AL<br>Case # 01-CV-2011-902237.00 |
| **NATURE OF ACTION:** | Defendant Sallie Mae illegally used a predictive dialer to call plaintiff's cell phone without permision to do so in violation of the TCPA |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/23/2011 postmarked on 06/22/2011 |
| **JURISDICTION SERVED :** | Alabama |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after summons and complaint were deliver to you |
| **ATTORNEY(S) / SENDER(S):** | Matthew A. Dunaway<br>P.O. Box 531168<br>Birmingham, AL 35253<br>205-705-3590 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 797236663477<br>Email Notification, Eric Reicin ERIC.REICIN@SLMA.COM<br>Email Notification, Anne Milem anne.milem@slma.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 2 North Jackson Street<br>Suite 605<br>Montgomery, AL 36104 |
| **TELEPHONE:** | 800-592-9023 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2011-902237.00 |
|---|---|---|

IN THE CIVIL COURT OF JEFFERSON, ALABAMA
WESLEY PHILLIPS V. SALLIE MAE, INC.

NOTICE TO SALLIE MAE, INC., 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS P.O. Box 130488, Birmingham, AL 35213

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of WESLEY PHILLIPS pursuant to the Alabama Rules of the Civil Procedure

| 6/21/2011 7:56:56 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested /s WESLEY L PHILLIPS
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ______________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ______________________

______________ in ______________________ County, Alabama on ______________

| ______________ | ______________________ |
|---|---|
| Date | Server's Signature |

01-CV-2011-902237.00
WESLEY PHILLIPS V. SALLIE MAE, INC.

| C001 - WESLEY PHILLIPS | v. | D001 - SALLIE MAE, INC. |
|---|---|---|
| Plaintiff | | Defendant |

01-CV-2011-902237.00 D001

SERVICE RETURN

CERTIFIED MAIL™

ANNE-MARIE ADAMS, CLERK
JEFFERSON COUNTY CIRCUIT COURT
CIVIL DIVISION - ROOM 400
716 NO. RICHARD ARRINGTON BLVD.
BIRMINGHAM, ALABAMA 35203

7010 2780 0002 8183 8179

UNITED STATES POSTAGE
PITNEY BOWES
$ 07.03⁰
02 1A
0004627147 JUN 22 2011
MAILED FROM ZIP CODE 35203

$7.

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93 Rev.5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-201<br>Date of Filing:<br>06/21/2011 | ELECTRONICALLY FILED<br>6/21/2011 7:56 PM<br>CV-2011-902237.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA**
**WESLEY PHILLIPS v. SALLIE MAE, INC.**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: ____________

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☑ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** A ☐ **APPEAL FROM DISTRICT COURT** O ☐ **OTHER** ____________

R ☐ **REMANDED** T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ **Yes** ☐ **No**

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:** PHI053 6/21/2011 7:48:42 PM /s/ WESLEY L PHILLIPS

**MEDIATION REQUESTED:** ☐ **Yes** ☑ **No** ☐ **Undecided**

AlaFile E-Notice

01-CV-2011-902237.00

To: SALLIE MAE, INC.
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WESLEY PHILLIPS V. SALLIE MAE, INC.
01-CV-2011-902237.00

The following complaint was FILED on 6/21/2011 7:56:56 PM

Notice Date: 6/21/2011 7:56:56 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
6/21/2011 7:56 PM
CV-2011-902237.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| **WESLEY PHILLIPS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** ______________ |
| | ) | |
| **SALLIE MAE, INC., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:** **Sallie Mae, Inc.**
**c/o C T Corporation System**
**2 North Jackson St., Suite 605**
**Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to MATTHEW A. DUNAWAY, Attorney for the Plaintiff, P.O. Box 531168, Birmingham, Alabama 35253. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

______________________________
Clerk of Court

Dated: ______________________

ELECTRONICALLY FILED
6/21/2011 7:56 PM
CV-2011-902237.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

**CIVIL ACTION NUMBER: ______________________**

**WESLEY PHILLIPS,**

**Plaintiff,**

**v.**

**SALLIE MAE, INC., No. 1, whether singular or plural, that individual, employee, agent or entity or those individuals, employees, agents, or entities who or which placed telephone calls to Plaintiff in violation of the Telephone Consumer Protection Act; No. 2, whether singular or plural, that individual, employee, agent or entity or those individuals, employees, agents, or entities who or which authorized telephone calls to be placed to Plaintiff after receiving notice to cease and desist such phone calls to Plaintiff; No. 3, whether singular or plural, that entity or those entities who is or are the successor(s) in interest of the defendants named above, including the fictitious party defendants; No. 4, whether singular or plural, that entity or those entities who by contract or at common law are responsible for the injuries and damages suffered by Plaintiff on the occasion made the basis of this suit. Plaintiff avers that the identity of the fictitious party defendants herein is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff their identity as proper party defendants is not known to Plaintiff at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained;**

**Defendants.**

## COMPLAINT

COMES NOW Plaintiff and states his Complaint against the Defendants as follows:

### PARTIES AND VENUE

1. The plaintiff, Wesley Phillips, is a resident of Jefferson County, Alabama, is over the age of nineteen (19) years old and is competent to bring this action.

2. The defendant, Sallie Mae, Inc. (hereinafter, "Sallie Mae") is a Delaware corporation with its principal place of business at 12061 Bluemont Way, Reston, Virginia. Sallie Mae, through its subsidiaries, provides education finance throughout the United States. Its primary business is to

originate and hold student loans by providing funding, delivery, and servicing support for education loans and was doing business in Jefferson County, Alabama at all times material to this Complaint. Sallie Mae held, marketed, funded, and/or serviced student loans throughout the United States including Jefferson County, Alabama at all times material to this Complaint.

3. Fictitious Defendant No. 1, whether singular or plural, that entity or those entities who or which placed telephone calls to Plaintiff in violation of the Telephone Consumer Protection Act.

4 Fictitious, Defendant No. 2, whether singular or plural, that entity or those entities who or which authorized telephone calls to be placed to Plaintiff after receiving notice to cease and desist such phone calls to Plaintiff.

5. Fictitious Defendant No. 3, whether singular or plural, that entity or those entities who or which are the successor(s) in interest of the defendants named above, including the fictitious party defendants.

6. Fictitious Defendant No. 4, whether singular or plural, that entity or those entities who by contract or at common law are responsible for the injuries and damages suffered by the plaintiff on the occasion made the basis of this suit.

7. Jurisdiction is proper in the Circuit Court of Jefferson County, Birmingham Division. The underlying action is based upon actions and/or omissions occurring in Jefferson County, the plaintiff is a citizen of Jefferson County, and all of, or substantially all of, the wrongs complained of occurred in this County. The matter in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional amount required by the Circuit Court of Jefferson County, Alabama.

## FACTS

8. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Sallie Mae in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").

9. Defendant Sallie Mae is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

10. Defendant Sallie Mae has made hundreds of calls to Plaintiff's cellular telephone since in or around December, 2006. Plaintiff has never given Sallie Mae express consent to make calls to his cellular telephone, and has even gone so far as to expressly revoke any authorizations, verbal or otherwise, Sallie Mae may have thought it had to call his cellular telephone in a letter on or about June 28, 2010 stating that Sallie Mae did not have his consent to call his cellular telephone, and further, was at that time expressly revoking any authorization Sallie Mae perceived it had to contact him via his cellular telephone. Thereafter, Plaintiff was caused to send a second letter to Defendant Sallie Mae on or about July 29, 2010 again stating Defendant Sallie Mae was not authorized to call his cellular telephone after Sallie Mae made repeated calls to Plaintiff from June 28, 2010 through July 29, 2010 and beyond in an attempt to annoy, oppress, and/or harass Plaintiff.

11. Defendant Sallie Mae has made hundreds of calls to Plaintiff on his cellular telephone regarding his account, which account is numbered 9321655403.

12. Plaintiff has verbally instructed Defendant Sallie Mae numerous times to cease and desist making calls to his cellular telephone number explaining to Defendant it did not have his permission to call him on his cellular telephone.

13. Thereafter, due to the continuing and even increasing frequency of the calls to his

cellular telephone, including calls made early on Sunday mornings, Plaintiff was caused to write a letter on or about June 28, 2010 to Defendant Sallie Mae informing it once again the number was calling was a cellular telephone number protected by the TCPA, instructing it to stop the harassing, annoying, and oppressive phone calls to his cellular telephone, and expressly revoking any authorization it may have thought it had to call his cellular telephone.

14. Said correspondence of June 28, 2010 was sent certified mail, return receipt requested and was received and signed for by Defendant Sallie Mae on July 6, 2010.

15. However, after receiving the June 28, 2010 cease and desist letter, Defendant Sallie Mae continued to use an autodialer to make repeated telephone calls to Plaintiff's cellular telephone and failed and refused to cease the calls even after having received Plaintiff's correspondence that any permission it thought it had, express or implied, had been revoked by Plaintiff.

16. Therefore, Plaintiff was caused to send a second certified letter on or about August 3, 2010, which certified mail receipt was signed as received by Sallie Mae on August 6, 2010, regarding the fact Defendant Sallie Mae was continuing its campaign of repeatedly calling his cellular telephone and that it was instructed a second time to cease and desist the harassing, annoying, and oppressive phone calls to Plaintiff's cellular telephone at all hours of the day and night, including calling early on Sunday mornings, yet Defendant Sallie Mae continued making calls to Plaintiff's cellular telephone.

17. All telephone contact by Sallie Mae to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

18. The telephone calls placed by Sallie Mae to Plaintiff's cellular telephone via the

automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

19. The telephone number that Sallie Mae used to contact Plaintiff, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

20. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff did not provide or previously revoked any implied or otherwise "express consent" allowing Sallie Mae to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

22. Sallie Mae did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

23. Sallie Mae's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

24. Defendant Sallie Mae illegally used a predictive dialer to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA). Defendant Sallie Mae illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

25. Plaintiff never gave Defendant Sallie Mae permission to call Plaintiff's cell phone with

an autodialer or with a predictive dialer. Further, Plaintiff expressly revoked any permission Defendant Sallie Mae may have wrongfully operated under in his June 28, 2010 letter about making calls to Plaintiff's cellular telephone.

26. Plaintiff never gave Defendant Sallie Mae permission to call Plaintiff's cell phone with pre-recorded calls. In addition, Plaintiff went out of his way in sending a letter to Sallie Mae explaining to Defendant he had not given it his express consent to make calls to his cellular telephone.

27. The volume and type of calls are harassing as the intent and motive behind them is to harass Plaintiff.

28. The above-detailed conduct by Defendant Sallie Mae of harassing Plaintiff was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

29. This series of abusive collection calls by Defendant Sallie Mae by and through its employees, agents, and/or representatives caused Plaintiff stress and anguish as a result of these abusive calls.

30. Defendant Sallie Mae's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

31. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant Sallie Mae in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

32. Defendants Sallie Mae and/or the fictitious party defendants were attempting to collect this debt from Plaintiff when they knew or should have known by information provided to

them through various sources, including Plaintiff, they did not have express authorization to contact Plaintiff via his cellular telephone.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. § 227, et seq.**

33. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

34. Defendant Sallie Mae has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers and/or predictive dialers that have been unleashed against Plaintiff by Defendant, including but not limited to, the calls to Plaintiff at all hours of the day and night, including calls to Plaintiff's cellular telephone early on Sunday mornings.

35. Defendant Sallie Mae has repeatedly violated the TCPA by the calls made to\ Plaintiff, specifically the numerous calls by illegal pre-recorded messages that have been unleashed against Plaintiff by Defendant, including but not limited to, the calls to Plaintiff's cell phone for which Sallie Mae had no authorization to call.

36. There is no exception or justification for the numerous violations of the TCPA by Defendant Sallie Mae.

37. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant Sallie Mae in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call, in accordance with 47 U.S.C. § 227(b)(3).

38. All actions taken by Defendant Sallie Mae were taken with malice, were done

willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

39. All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Sallie Mae and/or the fictitious defendants for statutory, actual, and/or compensatory damages and attorneys' fees in an amount to determined by the trier of fact in excess of the minimum jurisdictional amount of this Court, together with interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant Sallie Mae.

## COUNT II
## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

40. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

41. Defendant Sallie Mae owed a duty to Plaintiff not to place telephone calls to Plaintiff's cellular telephone in violation of state and/or federal law or to continually harass him with regard to this debt in violation of state and/or federal law.

42. All Defendants had a duty under Alabama law to act reasonably under the circumstances.

43. Defendant Sallie Mae and/or the fictitious defendants violated this duty under

Alabama law by failing to cease contacting Plaintiff via his cellular telephone in violation of state and/or federal law.

44. Defendants Sallie Mae and/or the fictitious defendants violated its respective duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as all Defendants refused to comply with all the duties that each Defendant had.

45. Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants Sallie Mae and/or the fictitious defendants, jointly and severally, for actual, compensatory and/or punitive damages in an amount to determined by the trier of fact in excess of the minimum jurisdictional amount of this Court, together with interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant Sallie Mae.

**COUNT III**
**NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION OF EMPLOYEES AND/OR AGENTS**

46. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

47. Defendants Sallie Mae and/or the fictitious defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent personell, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs

committed against Plaintiff and the damages suffered by Plaintiff. The Defendants' employees, agents, and/or representatives committed the violations of state and/or federal law as set forth in this Complaint.

48. Defendants Sallie Mae and/or the fictitious defendants were negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

49. The employees and/or agents of Defendants Sallie Mae and/or the fictitious defendants while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

50. The negligent or wanton conduct of those employees and/or agents of Defendants Sallie Mae and/or Compass the fictitious defendants while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to and/or proximately caused Plaintiff to suffer damages as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants Sallie Mae and/or the fictitious defendants, jointly and severally, for actual, compensatory and/or punitive damages in an amount to determined by the trier of fact in excess of the minimum jurisdictional amount of this Court, together with interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant Sallie Mae.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

51. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

52. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants Sallie Mae and/or the fictitious defendants violated Alabama state law as described in this Complaint, including, but not limited to, making hundreds of telephone calls to Plaintiff's cellular telephone using automated and/or predictive dialers leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or federal law.

53. Defendants Sallie Mae and/or the fictitious defendants intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, including, but not limited to, making hundreds of telephone calls to Plaintiff's cellular telephone using automated and/or predictive dialers leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or federal law.

54. Defendants Sallie Mae and/or the fictitious defendants intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting upon loans, thereby invading and intruding upon Plaintiff's right to privacy.

55. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

56. The conduct of Defendants Sallie Mae and Compass, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

57. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages from Defendants Sallie Mae and/or the fictitious defendants.

58. All the above acts and omissions of Defendants Sallie Mae and/or the fictitious

defendants by and through its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants Sallie Mae and/or the fictitious defendants, jointly and severally, for actual, compensatory and/or punitive damages in an amount to determined by the trier of fact in excess of the minimum jurisdictional amount of this Court, together with interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant Sallie Mae.

s/Matthew A. Dunaway
Matthew A. Dunaway (DUN031)
Attorney for Plaintiff

OF COUNSEL:
Matthew A. Dunaway, Attorney at Law
Post Office Box 531168
Birmingham, Alabama 35253
Telephone: 205.705.3590
Facsimile: 866.596.2134
matt@matthewdunaway.com

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
Phillips Law Group, LLC
P.O. Box 130488
Birmingham, Alabama 35213
Telephone: 205-383-3585

**JURY DEMAND**

**Plaintiff demands a trial by jury.**

s/Matthew A. Dunaway
Of Counsel

**PLEASE SERVE THE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**

Sallie Mae, Inc.
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

ELECTRONICALLY FILED
6/21/2011 7:56 PM
CV-2011-902237.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| **WESLEY PHILLIPS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: ____________** |
| | ) | |
| **SALLIE MAE, INC., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSIONS TO DEFENDANT SALLIE MAE, INC.**

COMES NOW Plaintiff in the above styled cause and requests that Defendant Sallie Mae, Inc. (hereinafter "this Defendant", "you", "your") answer the following interrogatories, request for production of documents, and request for admissions within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests this Defendant to attach a copy of each and every document referred to in any of the interrogatories or in this Defendant's response thereto or that Defendant state the date and time the said documents will be produced for inspection and copying at the offices of the Plaintiffs' attorney.

NOTE: These interrogatories and production requests shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

I. INTERROGATORIES

1. State whether this Defendant's name correctly is stated in the complaint filed in this

case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

RESPONSE:

2. State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

a. State the address of all business locations of this Defendant;

b. Describe the nature of this Defendant's business.

RESPONSE:

3. State the name, address and phone number of all persons having knowledge of facts relevant to the occurrence made the basis of this suit, and with respect to each such person identified, describe the facts you believe are known by that person and any potential liability or claims against those who are potential parties. (A person has relevant facts when he or she has or may have knowledge of any discoverable matter; personal knowledge is not required.)

RESPONSE:

4. State the name and address of each and every witness expected to be called at the trial of this action.

RESPONSE:

5. State the name and address of each and every expert witness expected to be called at the trial of this action. Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

RESPONSE:

6. State the name, address, phone number, and employer of each and every person known by this Defendant to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

RESPONSE:

7. State whether, in the past ten (10) years, this Defendant has been named a party defendant in any other lawsuit involving claims or allegations this Defendant violated the Telephone Consumer Protection Act ("TCPA"). If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

RESPONSE:

8. State whether, in the past ten (10) years, this Defendant has been involved in any legal action and/or proceeding, either by a state or federal governmental agency or otherwise, either as a party defendant or otherwise, where allegations were raised concerning violations of the TCPA. If so, please state:

a) The date and place each such action or proceeding was filed identifying the other party or parties involved, the docket number of such actions, and the names of the attorneys representing each party;

b) A description of the nature of each such action or proceeding; and

c) The result of each such action or proceeding whether there was an appeal, and the result of the appeal, and whether such case was reported and the name, volume number, and page citation of the report.

RESPONSE:

9. Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that you use, maintain, or operate to record any and all telephone communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and your policies and procedures for operating such a system of records for the previous three years and up through the present.

RESPONSE:

10. Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

RESPONSE:

11. State whether you electronically record telephone calls by any means with any persons and describe in detail what steps are taken to preserve these recordings.

RESPONSE:

12. State whether you recorded any telephone call with the Plaintiff and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

RESPONSE:

13. State whether this Defendant or anyone to this Defendant's knowledge has secured, obtained, or has knowledge of any statement or account made by any person, including parties, whether written, recorded, or oral, which pertain in any way to the events made the basis of this lawsuit. If so, state separately and severally the name and address of each person from whom a statement was obtained, the date the statement was obtained, and the person or entity who has custody of said statement. Produce copies of any and all recordings, transcripts or statements which pertain in any way to the events made the basis of this lawsuit, including any recordings, statements or transcripts of any statements by Plaintiff.

RESPONSE:

14. Identify and describe each communication, or attempted communication, between you with Plaintiffs, or any other person, which is in any way related to Plaintiffs' foreclosure, by stating the following:

a. The name of the individual initiating communication;

b. The name of the person and/or description of the person to whom the communication was directed;

c. The date and time of the communication;

d. The method of the communication (e.g. letter, phone call, in-person);

e. A detailed description of the substance of the communication, (do not simply refer to notes);

f. Identification of all witnesses to or participants in the communication; and,

g. Any actions taken by you as a result of the communication.

RESPONSE:

15. State and fully describe any and all training provided to those persons involved in the collection of your accounts, including, but not limited to, the content, timing, duration, materials used in any training, and persons involved in providing such training.

RESPONSE:

16. State the name, position of employment, address and telephone number all persons who have had any responsibility for or who have taken any action with regard to the collection of the account which is the subject matter of this cause.

RESPONSE:

17. Identify the custodian of the records, including name, address and phone number that would show all entries regarding the flow of funds regarding the subject account. If this person does not have personal knowledge of the transaction, then please identify in like fashion the person who worked for your company and had custody of the accounting or bookkeeping registers or records identifying said flow of funds. Flow of funds, means (a) any record of money received, (b) any

record of money paid out and (c) any bookkeeping or accounting entry, general ledger and accounting treatment of the subject loan transaction at your company including but not limited to whether the subject account transaction was ever entered into any category on the balance sheet at any time or times.

RESPONSE:

18. For each request for admission you denied or to which you did not give an unqualified "Admitted," please state in detail the basis for each such refusal to admit and identify all documents which relate to your refusal to admit.

RESPONSE:

II. <u>REQUEST FOR PRODUCTION</u>

19. Produce copies of all insurance agreements, including the declarations page, through which this Defendant is insured, including excess or umbrella insurers, which insures/insured this Defendant against risks or losses during the time of the occurrences made the basis of this lawsuit and at the time this complaint was served.

20. Produce all documents that record, reflect, or evidence oral or written communications between you and Plaintiff relating to the account at issue in this matter.

21. Produce any and all agreements, contracts, documents, exhibits, recordings, transcriptions, statements, notes, memoranda, payment logs, and/or internal correspondence of this Defendant or between this Defendant and any of its subsidiaries, sister companies, and/or parent corporations which relate, reference and/or pertain in any way to the matter made the basis of this suit.

22. Produce all documents evidencing or relating to internal documents, notes, memoranda, statements of this Defendant regarding the its debt collection activities with regard to Plaintiff's account with this Defendant.

23. Produce all documents evidencing or relating to any operations manuals, procedures manuals, and/or similar documents utilized by this Defendant which contain provisions concerning debt collections practices.

24. Produce all documents evidencing or relating to any operations manuals, procedures manuals, and/or similar documents utilized by this Defendant with regard to its compliance with the TCPA.

25. Produce any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by you to collect debts, which include Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable to Plaintiff.

26. Produce all telephone log sheets, internal memoranda, notes, or other documents prepared or reflecting all collection activity on Plaintiff's accounts.

27. Produce a plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

28. Produce all documents between you and any other person or entity related to Plaintiffs.

29. Produce all documents contained in Plaintiff's file.

30. Produce copies of front/back of all descriptions and legends of all Codes used in your software and/or collections system so the examiners and auditors and experts retained to audit and review this account may properly conduct their work.

31. Produce any and all documents in the possession or control of you which you claim are in any way relevant to the subject matter of the instant lawsuit.

III. REQUEST FOR ADMISSIONS

32. Admit or deny you made phone calls to Plaintiff's cellular telephone.

RESPONSE:

33. Admit or deny you received correspondence from Plaintiff on July 6, 2010.

RESPONSE:

34. Admit or deny you continued to make telephone calls to Plaintiff's cellular telephone after receiving correspondence from Plaintiff on July 6, 2010.

RESPONSE:

s/Matthew A. Dunaway
Matthew A. Dunaway (DUN031)
Attorney for Plaintiff

OF COUNSEL:
Matthew A. Dunaway, Attorney at Law
Post Office Box 531168
Birmingham, Alabama 35253
Telephone: 205.705.3590
Facsimile: 866.596.2134
matt@matthewdunaway.com

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
Phillips Law Group, LLC
P.O. Box 130488
Birmingham, Alabama 35213
Telephone: 205-383-3585

**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**